## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DANA CHAVIS**,
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929

      Plaintiff,

**v.**                              Civil Action No. 1:20-cv-639

**UNITED STATES DEPARTMENT OF JUSTICE**,
950 Pennsylvania Avenue, NW
Washington, DC 20530

**and**

**BUREAU OF ALCOHOL, TOBACCO, FIREARMS
 AND EXPLOSIVES,**
Disclosure Division, Room 4E.301
99 New York Avenue, NE
Washington, DC 20226

      Defendants.

## <u>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF</u>

1.    This cause of action is brought pursuant to the Freedom of Information Act

(FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (Privacy Act), 5 U.S.C. §

552(a), to redress the deprivation of Plaintiff's rights under the Act caused by

the failure of the Department of Justice and Bureau of Alcohol, Tobacco,

Firearms and Explosives (ATF) to fulfill Plaintiff's request for records

relating to the crime for which David Runyon and others were charged,

convicted and sentenced.

2.      This case seeks declaratory relief that Defendants are in violation of the

FOIA for failing to fulfill Plaintiff's request for records, and injunctive relief

that Defendant immediately and fully comply with Plaintiff's request under

the FOIA.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action and personal

jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5

U.S.C. § 552a(g)(1)(b) (Privacy Act), and 28 U.S.C. § 1331 (federal question).

Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. §

552a(g)(5), which provide that the district court of the United States in the

District of Columbia has jurisdiction to enjoin these federal agencies from

withholding agency records and to order the production of any agency records

improperly withheld from the Plaintiff.

## PARTIES

4.      Plaintiff, Dana Chavis, is an adult citizen of the United States and resident of

Knox County, Tennessee. Plaintiff Chavis is employed as an attorney for

Federal Defender Services of Eastern Tennessee, Inc. (FDSET), 800 S. Gay

Street, Suite 2400, Knoxville, Tennessee 37929.

5.      Plaintiff is harmed by Defendants' failure to comply with the FOIA.

6.      Defendant Department of Justice (DOJ) is an agency of the United States

Government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702 that has

possession, custody, and/or control of the records that Plaintiff seeks and is

responsible for fulfilling Plaintiff's FOIA request. Defendant's failure to produce records responsive to Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The DOJ headquarters are located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

7.      Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency within the meaning of 5 U.S.C. §§ 551, 552(f), and 702, and is a component of DOJ. Defendant ATF has possession, custody and/or control of the records Plaintiff seeks. Defendant's failure to produce records responsive to Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The ATF headquarters are located at 99 New York Avenue, NE, Washington, D.C. 20226.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

8.      Plaintiff Chavis is employed as an attorney for FDSET.

9.      On May 22, 2015, Ms. Dana Chavis was appointed as co-counsel to represent David Runyon, an indigent capital defendant, in his federal post-conviction proceedings.[1]

10.     David Runyon was criminally charged in the United States District Court for the Eastern District of Virginia in the same indictment with Michael Anthony Eric Draven, a/k/a "Anthony James Neff" with conspiracy to commit

---

[1] Order, *Runyon v. United States*, No. 4:08-cr-16 (E.D. Va. May 22, 2015), ECF No. 435.

murder for hire, carjacking resulting in death, bank robbery resulting in death, interference of commerce by robbery, and use of firearm in furtherance of a crime of violence. The case received nationwide publicity.

11.     ATF is a component of DOJ. ATF agents and local law enforcement agencies participated in the execution of search warrants and the collection of evidence in David Runyon's case.

12.     On June 15, 2016, in her capacity as an Assistant Federal Community Defender, Ms. Dana Chavis made a request to the ATF for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a). (Attachment A).

13.     On June 21, 2016, the ATF acknowledged receipt of Plaintiff's records request and assigned it Request Number 2016-0729. The ATF's letter stated:

> Based on the information in your request letter, it appears that you may be requesting information on behalf of another individual. If this is the case, I will only be able to provide you with public source information or other segregable information. In order to disclose as much information as possible to you, you will need to have your client verify his/her identity[.]

(Attachment B).

14.     On July 18, 2016, Plaintiff provided Defendant with a Certificate of Identity form for David Runyon. (Attachment C).

15.     Plaintiff received a response from ATF on November 1, 2018, denying the request pursuant to 5 U.S.C. § 552(b)(7)(A) because it "relate[s] to ongoing litigation in federal court." The request was assigned Request Number 2016-1152. (Attachment D).

4

16.  On January 7, 2019, Plaintiff appealed the blanket withholding of records. The matter was assigned Appeal Number DOJ-AP-2019-001705. (Attachment E).

17.  On May 21, 2019, the U.S. Department of Justice Office of Information Policy affirmed ATF's action on Plaintiff's request. (Attachment F).

## CAUSES OF ACTION

### Count I

### Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

18.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

19.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

20.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

21.  If an agency fails to comply with the applicable time limit for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies[.]" 5 U.S.C. § 552(a)(6)(C)(i).

22.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

5

23.  Defendants are agencies subject to the FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

24.  Defendants have possession of the documents and records that Plaintiff seeks.

25.  Plaintiff properly asked for records within Defendants' control. 5 U.S.C. § 552(a)(3). *See* Attachment C.

26.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendants make an explicit and justified statutory exemption claim.

27.  Defendants have failed to timely respond to Plaintiff's records request, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

28.  Defendants have failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

29.  Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

30.  Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

31.  Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

## COUNT II

### Violation of FOIA (5 U.S.C. § 552) for
### Failure to Conduct a Reasonable Search

32.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

33.  Defendants are agencies subject to the FOIA. 5 U.S.C. §§ 552(f), 551.

34.  Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants. 5 U.S.C. § 552(a)(3). *See* Attachment C.

35.  Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of its obligations under the FOIA. 5 U.S.C. § 552(a)(3).

36.  Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

37.  Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

### Count III

### Violation of the Privacy Act (5 U.S.C. § 552a) for
### Wrongful Withholding of Agency Records

38.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

39.  Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

40.  Defendants have possession of the documents and records that Plaintiff seeks.

41.  Plaintiff properly asked for records within Defendants' control. 5 U.S.C. § 552a(b)(2) & (d). *See* Attachment C.

42.  Plaintiff is entitled by law to access to the records requested. *See* 5 U.S.C. § 552a(b)(2).

43.  Defendants have failed to make responsive records available to Plaintiff, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

44.  Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(d).

45.  Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## COUNT IV

### Violation of the Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

46.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47.  Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

48.  Defendants have possession of the documents and records that Plaintiff seeks.

49.  Plaintiff properly asked for records within Defendants' control. 5 U.S.C. § 552a(b)(2)& (d). *See* Attachment C.

8

50. Plaintiff is entitled by law to access to the records requested. *See* 5 U.S.C. § 552a(b)(2).

51. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

52. Defendants are wrongfully failing to search for records responsive to Plaintiff's request and have no legal basis for their actions in doing so and in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(d).

53. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant(s), and:

(a) Declare Defendants' failure to comply with FOIA and the Privacy Act of 1974 to be unlawful;

(b) Declare that Plaintiff is entitled to disclosure of the requested records;

(c) Order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiff's records request;

(d) Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to the request that are not specifically

exempt from disclosure under the FOIA or the Privacy Act, including any

non-identical copies of any such records;

(e)     Issue an injunction enjoining Defendants from withholding the records

requested by Plaintiff; and,

(f)     Provide such other relief as the Court may deem just and proper.

> FEDERAL DEFENDER SERVICES
> OF EASTERN TENNESSEE, INC.
>
> BY:     /s/ Stephen M. Kissinger
>         Stephen M. Kissinger, TN Bar 037082
>         Asst. Federal Community Defender
>         800 S. Gay Street, Suite 2400
>         Knoxville, TN 37929
>         Phone: (865) 637-7979
>         Facsimile: (865) 637-7999
>         Stephen_Kissinger@fd.org